# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **CONGREGATION KHAL CHASIDIM CG** | * | |
| | * | |
| Plaintiff, | | |
| v. | * | Case No.: 1:24-cv-7752 |
| **JOSEPH LEFKOWITZ** | * | |
| and | * | |
| **JNL ARIZONA PROPERTIES LLC** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Congregation Khal Chasidim CG ("**Plaintiff**" or "**The Congregation**"), through its undersigned counsel, files this Complaint against Joseph Lefkowitz ("**Lefkowitz**") and JNL Arizona Properties, LLC ("**JNL**") (collectively, "**Defendants**"), and in support thereof, alleges as follows:

## INTRODUCTION

1. This straightforward lawsuit arises from Lefkowitz's theft of over half a million dollars from the Congregation.

2. Specifically, after being entrusted with the Congregation's finances as a fiduciary and overseeing the Congregation's building of a ritual bath and related bank account in his capacity as an executive director for this non-profit entity, Lefkowitz used his access to the account to transfer monies belonging to the Congregation to his own company, JNL, or other unapproved recipients, all for his personal benefit.

3. The Congregation has reached out to Lefkowitz and demanded the return of the

4871-8963-5573, v. 6

stolen funds, but to no avail; thus, the Congregation has no choice but to turn to the courts for relief.

## PARTIES

4. The Congregation is a nonprofit corporation organized under the laws of Arizona with a principal place of business located at 1771 N. Agave Street, Casa Grande, Arizona.

5. Lefkowitz is an individual who resides at 1041 42nd St. Apt. 4, Brooklyn, New York, 11219-1938.

6. JNL, is an Arizona single member limited liability company with its principal place of business located at 1590 E. Racine Drive, Casa Grande, Arizona 85122. Lefkowitz is the sole member of JNL and controls and operates JNL's business activities – and has done so at all relevant times in this matter.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties.

8. Complete diversity exists because Plaintiff is a citizen and domicile of Arizona for diversity purposes as it is an Arizona corporation with its principal place of business in Arizona. Defendants are citizens and domiciles of New York for diversity purposes, as Lefkowitz, who is JNL's sole member, is domiciled in and is a resident of New York.

9. Venue is proper in this forum pursuant to 28 USC § 1391 because Lefkowitz resides in the Eastern District of New York and because a substantial part of the events or omissions giving rise to the Congregation's claim in this case occurred in the Eastern District of New York.

4871-8963-5573, v. 6

## FACTUAL ALLEGATIONS

10. The Congregation provides the Jewish residents of Casa Grande, Arizona with a Hasidic religious infrastructure, including a synagogue, private school, ritual bath, and a grocery store with Kosher food.

11. In 2021, Lefkowitz assumed the position of Executive Director of the Congregation for the building of a Jewish ritual bath (the "**Mikvah**"). In Lefkowitz's role as Executive Director of the Mikvah operations, Lefkowitz was responsible to oversee the Congregation's fundraising and financing for the Mikvah building and operations.

12. As Executive Director, Lefkowitz was entrusted with access to the Mikvah funds in the Congregation's Bank of America checking account so that he can, amongst other things, manage the Congregation's cash flow and pay the Mikvah's expenses from the bank account.

13. Beginning in or about 2022, after securing the trust and confidence of the Congregation's Board of Directors, Lefkowitz in his capacity as a fiduciary of the Congregation, began pilfering funds from the Mikvah's bank account by making multiple transfers from the Congregation to other Lefkowitz affiliated accounts, including to the account of his own company, JNL, for his own personal use and benefit.

14. To date, Lefkowitz's tortious and criminal transfers total at least $503,260.53 (the "**Stolen Funds**"). Needless to say, the Congregation did not authorize, permit or ratify these transfers in any way.

15. Recently, representatives of the Congregation became aware of Lefkowitz's improper transfers and contacted Lefkowitz, demanding the return of the Stolen Funds.

16. Shockingly, in response, Lefkowitz taunted to Congregation to sue him for the funds.

17. To date, Lefkowitz failed to return the stolen funds to the Congregation, necessitating this lawsuit.

## COUNT I
## UNJUST ENRICHMENT
(Against Defendants)

18. Plaintiff re-alleges and incorporates by reference each allegation averred in the preceding paragraphs.

19. Lefkowitz was given access to the Congregation's bank account for the benefit *of the Congregation*, and specifically, to manage the Mikvah's cash flow and pay its expenses from the bank account.

20. Lefkowitz, however, abused his fiduciary right to access the Congregation's bank account by diverting the Stolen Funds out of the account to unauthorized recipients, including his own company, JNL, all for his own benefit.

21. Defendants have thus been unjustly enriched at the Congregation's expense.

22. It would be against equity and good conscience to permit Defendants to retain the Stolen Funds for their own benefit when they belong to the Congregation and the Congregation never authorized these illegal and tortious transfers.

23. Defendants' unjust enrichment has proximately caused Plaintiff damage in an amount to be proven at trial, but not less than $503,260.53.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of Plaintiff and against Lefkowitz in an amount not less than $503,260.53 and against JNL in an amount to be determined at trial, plus pre- and post-judgment, Plaintiff's costs, and such other and further relief as this Court may deem just and proper.

## COUNT II
## CONVERSION
(Against Defendants)

24. Plaintiff re-alleges and incorporates by reference each allegation averred in the preceding paragraphs.

25. At all times relevant, the Congregation had a possessory right and interest in the funds held in its Bank of America bank account.

26. Defendants have interfered with Plaintiff's possessory rights and interests in these funds by transferring the Stolen Funds to accounts of unauthorized recipients, including JNL, for their benefit, and intentionally refusing to return them to Plaintiff, despite the Congregation's demand for their return.

27. This wrongful exercise of control and dominion over the Stolen Funds constitutes an act of conversion that has proximately caused Plaintiff to sustain damages in an amount to be proven at trial, but not less than $503,260.53.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of Plaintiff and against Lefkowitz in an amount not less than $503,260.53 and against JNL in an amount to be determined at trial, plus pre- and post-judgment, Plaintiff's costs, and such other and further relief as this Court may deem just and proper.

## COUNT III
## BREACH OF FIDUCIARY DUTY
(Against Lefkowitz)

28. Plaintiff realleges and incorporates by reference each allegation averred in the preceding paragraphs.

29. At all relevant times, a fiduciary relationship existed between the Congregation and Lefkowitz, who served in the capacity as the Congregations' Executive Director

overseeing the Mikvah project. As part of his responsibilities to the Congregation, Lefkowitz was tasked with overseeing and managing the Congregation's Mikvah, which included complete dominion and control over the Congregation's bank account.

30. The Congregation entrusted its money to Lefkowitz' care, oversight and management, and trusted him to only act with the funds to the benefit of the Congregation.

31. Lefkowitz breached his fiduciary duties toward the Congregation by misappropriating the Congregation's money entrusted to his care. Instead of fulfilling his duty of handling the funds for the benefit of the Congregation, he diverted the Stolen Funds to unauthorized recipients, including his own company, JNL, all for his own personal benefit.

32. Lefkowitz' breach of his fiduciary duty to Plaintiff has proximately caused Plaintiff damage in an amount to be proven at trial, but not less than $503,260.53.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment against Lefkowitz and in favor of Plaintiff in an amount not less than $503,260.53, with the exact amount to be determined at trial, punitive damages, plus pre- and post-judgment, Plaintiff's costs, and such other and further relief as this Court may deem just and proper.

## COUNT III
### CONSTRUCTIVE FRAUD
(Against Defendants)

33. Plaintiff realleges and incorporates by reference each allegation averred in the preceding paragraphs.

34. In or about 2021, Lefkowitz assumed the role as Executive Director of the Congregation with respect to the Mikvah project and undertook to oversee the Congregation's Mikvah finances for the benefit of the Congregation.

35. Lefkowitz reported to the Congregation's Board of Directors and engendered trust

and confidence throughout his tenure, to ensure that the Board fully trusted and relied on him with all of the Congregation's financial matters, inducing the Board into providing him with complete and unfettered access to the Mikvah's bank account.

36. Beginning in 2022, while actively serving as a fiduciary of the Congregation and misrepresenting to the Board the financial condition of the Congregation, Lefkowitz began transferring funds from the Congregation's bank account to the accounts of unauthorized recipient, including, JNL, all for his own benefit.

37. The Congregation relied and trusted Lefkowitz to act in its best interest when they agreed to give him complete control of the Congregations' finances.

38. In breach of the Congregation's reliance and trust, Lefkowitz repeatedly pilfered and diverted money from the Congregation to himself.

39. To date, Lefkowitz's fraudulent behavior has proximately caused damage to Plaintiff in an amount to be proven at trial, but not less than $503,260.53.

WHEREFORE, Plaintiff requests this Honorable Court enter a judgment in favor of Plaintiff and against Lefkowitz in an amount not less than $503,260.53 and against JNL in an amount to be determined at trial, punitive damages, plus pre- and post-judgment, Plaintiff's costs, and such other and further relief as this Court may deem just and proper.

Dated: Pomona, New York  
November 6, 2024

Respectfully submitted,

/s/     Elchanan "Elliott" Engel  
Elchanan ("Elliott") Engel (5734181)  
**BERMAN, BOYLE & ENGEL LLC**  
978 Route 45, Suite 107  
Pomona, New York 10970  
667-217-5150  
ee@bbelaw.com  
*Attorney for Plaintiff*  
Congregation Khal Chasidim CG

4871-8963-5573, v. 6