UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
Cong. Casa Grande,                                    Case No. 1:24-cv-7752-VMS

                Plaintiff,

      v.

Joseph Lefkowitz and JNL Arizona Properties LLC,

                Defendants.
-----------------------------------------------------------------------x

## ANSWER TO AMENDED COMPLAINT

Defendants Joseph Lefkowitz ("Lefkowitz") and JNL Arizona Properties LLC ("JNL", and collectively with Lefkowitz, the "Defendants") by the counsel, Goldberg Weprin Finkel Goldstein LLP, as and for their answer to the amended complaint (the "Complaint") of the plaintiff, Cong. Casa Grande (the "Plaintiff") respectfully state and allege as follows:

1. Defendants deny each and every allegation contained in paragraph "1" of the Complaint.

2. Defendants deny each and every allegation contained in paragraph "2" of the Complaint.

3. Defendants deny each and every allegation contained in paragraph "3" of the Complaint.

4. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Complaint.

5. Defendants admit the allegations contained in paragraph "5" of the Complaint.

6. Defendants admit the allegations contained in paragraph "6" of the Complaint.

7. Defendants admit the allegations contained in paragraph "7" of the Complaint.

8. Defendants admit the allegations contained in paragraph "8" of the Complaint.

1

9. Defendants admit the allegations contained in paragraph "9" of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint.

11. Defendants deny each and every allegation contained in paragraph "11" of the Complaint, and states the following: (i) that Lefkowitz, primarily on his own initiative, undertook the task to build a Mikvah for the benefit of the entire Hasidic community in the local area; (ii) Lefkowitz primarily solicited donations for the Mikvah nationwide premised on full communal access; and (iii) Lefkowitz paid expenses in connection with the construction of the Mikvah through a separate account (independent of Plaintiff's general funds) under which Lefkowitz was the lead authorized signatory.

12. Defendants deny each and every allegation contained in paragraph "12" of the Complaint, and states the following: (i) that Lefkowitz, primarily on his own initiative, undertook the task to build a Mikvah for the benefit of the entire Hasidic community in the local area; (ii) Lefkowitz primarily solicited donations for the Mikvah nationwide premised on full communal access; and (iii) Lefkowitz paid expenses in connection with the construction of the Mikvah through a separate account (independent of Plaintiff's general funds) under which Lefkowitz was the lead authorized signatory.

13. Defendants deny each and every allegation contained in paragraph "13" of the Complaint, and states the following: (i) that Lefkowitz, primarily on his own initiative, undertook the task to build a Mikvah for the benefit of the entire Hasidic community in the local area; (ii) Lefkowitz primarily solicited donations for the Mikvah nationwide premised on full communal access; and (iii) Lefkowitz paid expenses in connection with the construction of the Mikvah

through a separate account (independent of Plaintiff's general funds) under which Lefkowitz was the lead authorized signatory.

14. Defendants deny each and every allegation contained in paragraph "14" of the Complaint.

15. Defendants deny each and every allegation contained in paragraph "15" of the Complaint.

16. Defendants deny each and every allegation contained in paragraph "16" of the Complaint.

17. Defendants deny each and every allegation contained in paragraph "17" of the Complaint.

### Count One

18. Defendants repeat and reallege the foregoing as if set forth at length herein in response to Paragraph 18 of the Complaint.

19. Defendants deny each and every allegation contained in paragraph "19" of the Complaint.

20. Defendants deny each and every allegation contained in paragraph "20" of the Complaint.

21. Defendants deny each and every allegation contained in paragraph "21" of the Complaint.

22. Defendants deny each and every allegation contained in paragraph "22" of the Complaint.

23. Defendants deny each and every allegation contained in paragraph "23" of the Complaint.

### Count Two

24. Defendants repeat and reallege the foregoing as if set forth at length herein in response to Paragraph 24 of the Complaint.

25. Defendants deny each and every allegation contained in paragraph "25" of the Complaint.

26. Defendants deny each and every allegation contained in paragraph "26" of the Complaint.

27. Defendants deny each and every allegation contained in paragraph "27" of the Complaint.

### Count Three

28. Defendants repeat and reallege the foregoing as if set forth at length herein in response to Paragraph 28 of the Complaint.

29. Defendants deny each and every allegation contained in paragraph "29" of the Complaint.

30. Defendants deny each and every allegation contained in paragraph "30" of the Complaint.

31. Defendants deny each and every allegation contained in paragraph "31" of the Complaint.

32. Defendants deny each and every allegation contained in paragraph "32" of the Complaint.

### Count Four

33. Defendants repeat and reallege the foregoing as if set forth at length herein in response to Paragraph 33 of the Complaint.

34. Defendants deny each and every allegation contained in paragraph "34" of the Complaint.

35. Defendants deny each and every allegation contained in paragraph "35" of the Complaint.

36. Defendants deny each and every allegation contained in paragraph "36" of the Complaint.

37. Defendants deny each and every allegation contained in paragraph "37" of the Complaint.

38. Defendants deny each and every allegation contained in paragraph "38" of the Complaint.

39. Defendants deny each and every allegation contained in paragraph "39" of the Complaint.

**First Affirmative Defense**

40. The Complaint fails to state claims upon which relief may be granted.

**Second Affirmative Defense**

41. The complaint fails to plead fraud and conversion with particularity as required by Federal Rule of Civil Procedure 9(b).

**Third Affirmative Defense**

42. The matters in dispute fundamentally relate to religious issues and disputes involving full and unfettered community access to a Mikvah that Plaintiff seeks to control to the exclusion of the Defendants and others in the community. The Mikvah was the brainchild of Lefkowitz, who undertook the primary role of soliciting donations nationwide and overseeing necessary construction, all with a goal of establishing the Mikvah for full community use to benefit

the entire Hasidic community in the local Arizona area. The lawsuit was filed based upon dubious personal claims against the Defendants to stymie the Defendants' efforts to serve the whole community through access to the Mikvah. Since the issues arise under Jewish law, this Court should abstain under the Ecclesiastical Abstention Doctrine, commonly known as the Religious Abstention Doctrine. *See, Presbyt. Church in U.S. v Mary Elizabeth Blue Hull Mem. Presbyt. Church,* 393 US 440, 449-50, 89 S Ct 601, 606-07 (1969) (holding that the First Amendment forbids civil courts from determining matters "at the very core of a religion – the interpretation of particular church doctrines and the importance of those doctrines to the religion.").

43. In fact, the issues raised in the Complaint concerning the Mikvah were already placed before a Jewish tribunal. All of the parties' rights and claims should be resolved through arbitration in accordance with Jewish law. Accordingly, this Court should abstain under the Religious Abstention Doctrine.

### Fourth Affirmative Defense

44. The Complaint was not brought with the full and unanimous support of all of Plaintiff's Board Members and directors and, thus, Plaintiff lacks complete standing to pursue this action.

### Counterclaim

45. The Defendants repeat and reallege all of the foregoing as if set forth at length herein.

46. At all relevant times, Lefkowitz acted on his own initiative to build a Mikvah for the benefit of the entire local community and raised donations independent of the Plaintiff's general operating revenues.

47. Lefkowitz was the person who primarily solicited donations with the goal of raising funds to build the Mikvah that would be available to the entire Hasidic community in the area, and not strictly controlled by Plaintiff.

48. The Plaintiff has wrongfully denied full community access to the Mikvah by imposing improper restrictions. The commencement of this lawsuit is part and parcel of a vindictive effort to undermine the overriding goal and purpose of building a Mikvah for use by the entire Hasidic population in the area.

49. As the chief organizer of the Mikvah, Lefkowitz has standing to assert this counterclaim in his own right and on behalf of those similarly situated in the local Hasidic community.

50. The vast majority of the donations were given by donors with the understanding that the Mikvah would be available to all Hasidic Jews and not just for the benefit of Plaintiff.

51. Based upon all of the foregoing, Lefkowitz is entitled to a declaratory judgment finding and declaring that the Mikvah was conceived and built for the entire Jewish community in the area and cannot be singularly controlled by the Congregation to the exclusion of others.

WHEREFORE, the Defendants respectfully pray for the entry of a judgment dismissing the Complaint and granting the Defendants declaratory judgment on their Counterclaim consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: New York, New York
April 8, 2025

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for the Defendants*
125 Park Avenue, 12th Floor
New York, New York 10017
(212) 221-5700

By: /s/ Kevin J. Nash

7