

**ELLIOTT ENGEL, ESQ.**
Partner

667.217.5150
ee@bbelaw.com
978 Route 45, Suite 107
Pomona, New York 10970

April 29, 2025

<u>Via Electronic Filing</u>

The Honorable Frederic Block
United States District Court for the Eastern District of New York
225 Cadman Plaza E, Brooklyn, NY 11201

        Re: *Congregation Khal Chasidim CG v. Lefkowitz et al.*,
          1:24-cv-07752-FB-VMS

Dear Judge Block:

    Plaintiff, Congregation Casa Grande ("Plaintiff"), respectfully submits this letter pursuant to Rule 2.A. of Your Honor's Individual Motion Practices and Rules to request a pre-motion conference regarding Plaintiff's anticipated Motion to Dismiss the Counterclaim filed by Defendants, Joseph Lefkowitz and JNL Arizona LLC ("Defendants").

### I.    <u>Background</u>

    On March 8, 2025, Plaintiff filed its Amended Complaint. (Doc. 12). On April 8, 2025, Defendants filed an Answer to Plaintiff's Amended Complaint in which Defendants assert a Counterclaim against Plaintiff, seeking declaratory relief. (Doc. 14). Plaintiff intends to file a Motion to Dismiss the Counterclaim under Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and (6) because Defendants (i) have no standing to bring the Counterclaim; (ii) failed to set forth a plausible claim upon which relief can be granted; (iii) failed to satisfy the requirements of the Declaratory Judgment Act; and (iv) failed to comply with the pleading requirements of FRCP 8 and 10.

### II.    <u>Defendants Lack Standing to Bring the Counterclaim.</u>

    To establish standing, a claimant must show it has suffered "(1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision."[1] "Particularized 'mean[s] that the injury must affect the plaintiff in a personal and individual way.'"[2] The "injury in fact" must be a "legally protected

---

[1] *Amidax Trading Grp.*, 671 F.3d at 145 (quoting *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 96 (2d Cir. 2009)).
[2] *Altman v. Bedford Cent. Sch. Dist.*, 245 F.3d 49, 70 (2d Cir. 2001) (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)).

The Honorable Frederick Block
April 29, 2025
p. 2

interest."[3] There is a "a rooted principle of standing" under the prudential standing doctrine that a party "cannot rest his claim to relief on the legal rights or interests of third parties."[4]

Here, Defendants violate these fundamental principles by asserting their claim on alleged harm to third parties. For example, Defendants allege, "Plaintiff has wrongfully denied full community access to the Mikvah" and "[a]s the chief organizer of the Mikvah, Lefkowitz has standing to assert this counterclaim in his own right and on behalf of those similarly situated in the local Hasidic community."[5] Defendants fail to explain how Mr. Lefkowitz's status as "chief organizer" entitles him to circumvent the third-party standing doctrine and sue purportedly on behalf of the entire Hasidic community.

Defendants also lack constitutional standing. Defendants fail to describe an injury to a concrete *legal* interest. *See, e.g.*, *Schwartz v. HSBC Bank USA, N.A.*[6] Defendants assert Plaintiff cannot control the Mikvah to the exclusion of others,[7] but fail to explain what legal right Defendants have regarding Plaintiff's decisions. Moreover, Defendants fail to allege a particularized injury which affects Defendants in a personal and individual way; Defendants do not allege that Defendants themselves have been denied access to the Mikvah. This Court should dismiss the Counterclaim for lack of standing

### III. Defendants Have Failed to State Plausible Claim for Relief.

Defendants fail to plausibly assert a claim for relief as the Counterclaim is conclusory and devoid of basic facts. For example, Defendants allege Mr. Lefkowitz "acted on his own initiative to build a Mikvah for the benefit of the entire local community[.]"[8] What community? What Mikvah? And on what terms? Further, Defendants allege Mr. Lefkowitz solicited funds to build the Mikvah but provide no information whatsoever regarding this alleged fundraising campaign.[9] Defendants further fail to allege Defendant JNL Arizona LLC's involvement or claim concerning the Mikvah in the Counterclaim.

Similarly, Defendants baldly allege "Plaintiff has wrongfully denied full community access to the Mikvah by imposing improper restrictions."[10] When and how did Plaintiff deny community

---

[3] *Lujan*, 504 U.S. at 560-61.
[4] *In re Bernard L. Madoff Inv. Sec. LLC.*, 721 F.3d 54, 58 (2d Cir. 2013) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).
[5] Answer at ¶¶ 48-49.
[6] 750 F. App'x 34, 36 (2d Cir. 2018).
[7] Answer at ¶ 51.
[8] Answer at ¶ 46.
[9] Answer at ¶ 47.
[10] Answer at ¶ 48.

The Honorable Frederick Block
April 29, 2025
p. 3

access? What "improper" restrictions did Plaintiff impose?[11] The Counterclaim leaves Plaintiff and the Court guessing. The Court should dismiss the Counterclaim for failing to set forth a plausible claim.

### IV. The Court Has no Jurisdiction Under the Declaratory Judgment Act.

The Court lacks subject matter jurisdiction over Defendants' request for declaratory judgment because no "actual controversy" exists under the Declaratory Judgment Act.[12] An "actual controversy" does not exist unless parties have sufficiently real and immediate adverse legal interests.[13] "The disagreement…must have taken a fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on its adversaries, and some useful purpose to be achieved in deciding them."[14] There is no "actual controversy" nor "factual predicate"[15] set forth in the Counterclaim as Defendants fail to allege any legal interest Defendants possess in the Mikvah. Indeed, the Counterclaim fails to identify any contractual or other legal restrictions on the Mikvah, allegedly giving rise to "controversy" between the parties. Thus, the Court lacks subject matter jurisdiction over the Counterclaim.

### V. Defendants also failed to satisfy FRCP Rule 10.

FRCP Rule 10 requires every pleading to have a title. Defendants' pleading is captioned as "Answer to Amended Complaint," without referencing the Counterclaim in violation of Rule 10.

Plaintiff respectfully requests that the Court schedule a pre-motion conference at its earliest convenience.

    Respectfully,

    /s/ Elliott E. Engel

    Elliott E. Engel

cc: All counsel (via ECF)

---

[11] If Defendants mean the Plaintiff's Mikvah, it concedes the Mikvah belongs to Plaintiff.
[12] *See Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357 (2d Cir. 2003) (quoting 28 U.S.C. § 2201(a)).
[13] *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394 (S.D.N.Y. 2002), *aff'd*, 346 F.3d 357 (2d Cir. 2003) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).
[14] *Id.* (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952)).
[15] *U.S. Underwriters Ins. Co. v. Orion Plumbing & Heating Corp.*, 321 F. Supp. 3d 313, 318 (E.D.N.Y. 2018).