**BBE** | BERMAN
BOYLE
ENGEL

**ELLIOTT ENGEL, ESQ.**
Partner
_____

**667.217.5150**
ee@bbelaw.com
978 Route 45, Suite 107
Pomona, New York 10970

July 2, 2025

<u>**Via Electronic Filing**</u>

The Honorable Frederic Block
United States District Court for the Eastern District of New York
225 Cadman Plaza E, Brooklyn, NY 11201

> Re: *Congregation Khal Chasidim CG v. Lefkowitz et al.,*
> *1:24-cv-07752-FB-VMS*

Dear Judge Block:

Plaintiff, Congregation Casa Grande ("Plaintiff"), respectfully submits this letter pursuant to Rule 2.A. of Your Honor's Individual Motion Practices and Rules to respectfully request a pre-motion conference regarding Plaintiff's anticipated Motion for Summary Judgment on Counts I through IV of Plaintiff's Second Amended Complaint (the "Complaint").

As a result of Defendant's failure to respond to Plaintiff's duly served requests for admissions, there are no remaining disputes of fact regarding Defendants' flagrant misappropriation of donated funds from a synagogue; thus, Plaintiff is entitled to summary judgment on Counts I through IV of the Complaint.

## I.      Background

On March 12, 2025, Plaintiff filed its Amended Complaint.  The Amended Complaint alleges that Lefkowitz, who served in a fiduciary capacity for Plaintiff, and specifically was responsible for the fundraising, financing, and construction of Plaintiff's Jewish ritual baths (the "Mikvahs"), diverted funds to himself and his entity, JNL.  The Complaint asserts four Counts: Unjust Enrichment (against Defendant Lefkowitz and JNL), Conversion (against Lefkowitz and JNL), Breach of Fiduciary Duty (against Lefkowitz), and Constructive Fraud (against Lefkowitz and JNL). Plaintiff served each of Lefkowitz and JNL with requests for admission on April 30, 2025 (the "Requests for Admissions"). True and correct copies of the Requests for Admissions are attached as Exhibit A and Exhibit B. Pursuant to Federal Rule of Civil Procedure ("FRCP") 36(a)(3), Lefkowitz and JNL's deadline to respond to the Requests for Admissions was May 30, 2025.
On May 16, 2025, Defendants' current counsel informed the Court he was retained in the matter. On May 22, 2025, this Court granted Defendants' prior counsels' Motion to Withdraw and recognized the appearance of substitute counsel on behalf of Defendants.

_____

**BALTIMORE · BETHESDA · NEW YORK**

The Honorable Frederic Block
July 2, 2025
p. 2

Defendants failed to answer the Requests for Admissions by the May 30 deadline. Accordingly, on June 4, 2025, Plaintiff's counsel contacted Defendants' counsel concerning Plaintiff's outstanding discovery requests, which included the Requests for Admissions. Defendants' counsel replied that he did not have the requests because he was still in the transition process of taking over for previous counsel. Plaintiff asked when Plaintiff could expect an answer to the requests. Defendants' counsel failed to answer.

On June 11, 2025, Plaintiff's counsel again asked when Plaintiff should expect an answer to the discovery requests, which included the Requests for Admissions. Defendants' counsel again answered he was not ready because he was in the transition process. On June 24, 2025, Plaintiffs' counsel followed up once again. Defendants' counsel answered that Plaintiff had just filed its Second Amended Complaint. Plaintiff's counsel explained that the Second Amended Complaint did not impact or change Counts I-IV of the Complaint (only added new claims) or Defendants' discovery obligations, which included the deadline to respond to the Requests for Admissions. To date, Defendants have failed to respond to the Requests for Admissions, and Defendants' counsel still has failed to provide any timeframe for Defendants' responses to the Requests for Admissions. Defendants are now out of time.

## II.    Plaintiff's Requests for Admissions Are Deemed Admitted.

Pursuant to FRCP 36(a)(3), a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection ….."[1]

Plaintiff served its Requests for Admissions on Defendants JNL and Lefkowitz on April 30, 2025.  Pursuant to FRCP 36(a)(3), Defendants had until May 30, 2025, to answer the Requests. Even if the clock were to start from May 22, 2022, the day this Court recognized new counsel (which it does not), Defendants failed to answer Plaintiff's requests by June 22, 2022. Thus, pursuant FRCP 36(a)(3), Plaintiff's Requests for Admissions are **deemed admitted**.

## III.    Plaintiff is Entitled to Summary Judgment.

Failure to respond to requests for admissions may "provide a sufficient basis for summary judgment."[2] Pursuant to FRCP 56, a movant is entitled to summary judgment where the movant

---

[1] *See J & J Sports Prods., Inc. v. Mari*, No. 10-CV-455 DLI JMA, 2012 WL 1004842, at *1 (E.D.N.Y. Mar. 23, 2012).

[2] *Cement & Concrete Workers Dist. Council Welfare Fund v. Manny P Concrete Co.,* No. 19CV2145WFKSJB, 2023 WL 3948751, at *7 (E.D.N.Y. June 12, 2023).

The Honorable Frederic Block
July 2, 2025
p. 3

"shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Because the Requests for Admissions are deemed admitted, there is no genuine dispute as to any material fact and Plaintiff is entitled to judgment as a matter of law.

Plaintiff is entitled to summary judgment on its claims for Unjust Enrichment, Conversion, Breach of Fiduciary Duty, and Constructive Trust claims because Defendants admitted they misappropriated Plaintiff's funds for their own personal benefit. For example, Defendants admitted (a) Plaintiff has sole ownership interest in the Mikvahs and funds in its bank account (Ex. A, R. 1 and 13), (b) Lefkowitz made withdrawals from Plaintiff's account to his and JNL's accounts (Ex. A, R. 11), (c) Lefkowitz admitted his theft in an audio recording (Ex. A, R. 14), (d) Lefkowitz and JNL possess Plaintiff's funds (Ex. A, R. 21), and (e) <u>Lefkowitz made unauthorized transfers of at least $615,516.15 from Plaintiff's bank account to his and JNL's accounts,</u> amongst others (Ex. A, R. 22). Likewise, JNL admitted (a) Lefkowitz made unauthorized transfers to JNL (Ex. B, R. 1), (b) JNL and Lefkowitz possess Plaintiff's funds (Ex. B, R. 3), and (c) Lefkowitz made transfers from Plaintiff's account to JNL (Ex. B, R. 4).

Lefkowitz further admits that he was (a) charged with the construction and building of the Mikvahs as Plaintiff's representative (Ex. A, R. 4 and 16), (b) he had sole access to the account (Ex. A, R. 8), and (c) was entrusted with access to the Mikvahs' funds in Plaintiff's bank account to, amongst other things, manage cash flow and pay the Mikvah's expenses from Plaintiff's bank account. (Ex. A, R. 17). In addition, Lefkowitz admits he (a) engendered trust in Plaintiff's financial matters, inducing the Board of Directors to provide him with complete and unfettered access to Mikvahs' bank account (Ex. A, R. 18), (b) was the President of the Mikvahs (Ex. A, R. 5), and (c) was trusted with Plaintiff's finances, including Plaintiff's bank account (Ex. A, R. 15). JNL admits that, after engendering this trust, Lefkowitz made unauthorized transfers to accounts affiliated with JNL. (Ex. B, R. 1).

In sum, Defendants' factual admissions resulting from their failure to timely respond to the Requests for Admissions, warrant summary judgment in Plaintiff's favor on counts I-IV of the Complaint because there is no dispute of fact regarding Defendants' – now admitted - misappropriation of at least $615,516.15.

Plaintiff respectfully requests that the Court schedule a pre-motion conference at its earliest convenience.

Respectfully,

*/s/ Elliott E. Engel*
Elliott E. Engel

cc: All counsel (via ECF)