# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **CONG. CASA GRANDE,** | * | |
| Plaintiff, | * | |
| v. | | |
| | * | Case No.: 1:24-cv-7752 |
| **JOSEPH LEFKOWITZ, et al,** | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## CONG. CASA GRANDE FIRST REQUESTS FOR ADMISSION TO DEFENDANT

## JOSEPH LEFKOWITZ

Plaintiff, Cong. Casa Grande ("**Casa Grande**"), pursuant to Rule 36 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), and Rules 26.2, 26.3, 26.4, and 26.5 of the United States District Court for the Eastern District of New York Local Rules (the "**Local Rules**"), by and through its undersigned counsel, hereby submits these requests for admission (each a "**Request**" and collectively, the "**Requests**") addressed to Defendant, Joseph Lefkowitz ("**Joseph Lefkowitz**" or "**Defendant**").  Defendant shall respond to each Request within the time prescribed by the Federal Rules, in accordance with the Instructions and Definitions set forth hereinafter.

## INSTRUCTIONS

1.   In responding to the following Requests, please set forth verbatim the request for admission to which you are responding and then set forth your written response thereto.

2.   If an objection is made, the reasons for the objection shall be stated.

3.   The answers shall specifically admit, deny, or set forth in detail the reason(s) why you cannot truthfully admit or deny the matter.

4.   When good faith requires that you qualify an answer or deny only a part of the matter for which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

5.   You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny.

6.   The following Requests shall be continuing to the fullest extent permitted under the applicable provisions of the Federal Rules and the Local Rules of the United States District Court for the Eastern District of New York.

## DEFINITIONS

7.   "You" and "your" shall mean Joseph Lefkowitz and any person or entity acting on behalf of Joseph Lefkowitz and, as to all, past or present.

8.   "Plaintiff" shall mean Cong. Casa Grande and any of its members, principals or investors, and any of its predecessors, successors, parent corporations, subsidiaries, divisions and affiliates, however organized, and any of its directors, officers, employees, agents, consultants, accountants, representatives, agents and legal counsel thereof and any person or entity acting on behalf of Cong. Casa Grande, past or present.

9.   "Person" shall refer to natural persons as well as legal entities, companies, associations or any similar organization.

10. As used herein, the term "Communication" means the transmittal of information in the form of facts, ideas, inquiries, or otherwise and includes any oral or written statement, dialogue, representation, discussion or conversation, regardless of the medium in which it occurred.

11. As used herein, the term "Document" shall include, without limitation, original writings and recordings of any nature whatsoever, and all non-identical copies thereof (whether different

from the original because of notes made on such copy or otherwise) in the possession, custody or control of defendant or its attorneys, regardless of where the documents are located. Such writings or recordings include, but are not limited to, contracts, agreements, records, invoices, receipts, work orders, memoranda, reports, analyses, returns, summaries, studies, checks, charts, statistics, calculations, drawings, specifications, advertisements, tape or other recordings, letters, correspondence (interoffice or otherwise), communications, films, videotapes, data stored on a computer or recorded by a computer, data stored or recorded in magnetic form, computer printouts, calendar or diary entries, time management logs, notes, expense reports, travel reports, minutes of directors, officers or committee meetings, logs, working papers, agendas, bulletins, notices, announcements, instructions, manuals, pamphlets, books, brochures, photographs, photographic slides, transparencies, schedules, telegrams, telexes, facsimiles, and teletypes, and any draft of the foregoing. A draft or non-identical copy is a separate document within the meaning of this term.

12. "JNL" shall mean JNL Arizona Properties LLC which has its principal place of business located at 1590 E. Racine Drive, Casa Grande, Arizona 85122.

13. "Complaint" shall mean the Amended Complaint filed by Plaintiff in the Action.

14. "Mikvah" or "Mikvahs" shall mean each of the Jewish ritual baths located at (1) 1645 E. Silver Reef Dr, Casa Grande AR 85122, and (2) 913 E 8TH ST, Casa Grande, AZ 85122.

15. "Plaintiff's bank account" shall mean the Bank of America Checking Account belonging to Plaintiff with an account number that ends with digits "0192."

16. "Beis Din" shall mean Bais Din Tzedek Umishpat, Bais Din of Los Angelos, Rabbi Menachem Mayer Weissmandl, Rabbi Mordche Weissmandl, Rabbi Mendel Zilber, Rabbi A. Y. Ausch, and/or Rabbi Yochanan Twersky.

17. Board of Directors. "Board of Directors" shall mean the Cong. Casa Grande Board of Directors.

## **REQUESTS FOR ADMISSION**

1. Admit that Plaintiff has sole ownership interest and decision-making power in the Mikvahs.

RESPONSE:

2. Admit that Plaintiff has sole decision-making power in connection with the Mikvahs.

RESPONSE:

3. Admit that you worked with Yehoishia Rubin, Zev Rubin, and others in connection with the construction, building, and/or management of the Mikvah and/or Mikvahs.

RESPONSE:

4. Admit that you took direction from Yehoishia Rubin, Zev Rubin, and others in connection with the construction, building, and/or management of the Mikvah and/or Mikvahs.

RESPONSE:

5. Admit that you were President and/or related position of the Mikvah and/or Mikvahs.

RESPONSE:

6. Admit that you were an executive director and/or related position of Cong. Casa Grande.

RESPONSE:

7. Admit that you went with Zev Rubin to become an authorized agent of Plaintiff's bank account.

RESPONSE:

8. Admit that at all relevant times you had sole access to Plaintiff's bank account.

RESPONSE:

9. Admit that you issued receipts from Plaintiff for donations to the Mikvahs.

RESPONSE:

10. Admit that Yehoishia Rubin sent you a list of donors for the Mikvah.

RESPONSE:

11. Admit that you and/or JNL made deposits, transfers, checks, and/or withdrawals from Plaintiff's Bank of America Checking Account to you, your bank accounts, on your behalf, to JNL, to JNL's bank accounts, and/or on behalf of JNL.

RESPONSE:

12. Admit that you used deposits, transfers, checks, and/or withdrawals from Plaintiff's Bank of America Checking Account to purchase properties for and/or on behalf of you and/or JNL.

RESPONSE:

13. Admit that, at all times relevant, the Plaintiff had sole possessory rights and interests in the funds held in its bank account.

RESPONSE:

14. Admit there is at least one audio recording of you admitting to stealing money from Plaintiff.

RESPONSE:

15. Admit that you were entrusted with Plaintiff's finances, including Plaintiff's bank account.

RESPONSE:

16. Admit that you oversaw construction of the Mikvah and/or Mikvahs as Plaintiff's representative.

RESPONSE:

17. Admit that you were entrusted with access to the Mikvahs funds in Plaintiff's bank account so that you could, amongst other things, manage cash flow and pay the Mikvah's expenses from Plaintiff's bank account.

RESPONSE:

18. Admit that you reported to the Congregation's Board of Directors and engendered trust in the Plaintiff's financial matters, inducing the Board into providing you with complete and unfettered access to Mikvah's bank account.

RESPONSE:

19. Admit that you refused Plaintiff's demands for the return of stolen funds.

RESPONSE:

20. Admit that you are the sole member of JNL and that you currently and always have controlled and operated JNL's business activities.

RESPONSE:

21. Admit that you and/or JNL are in possession of funds belonging to the Plaintiff.

RESPONSE:

22. Admit that you made unauthorized transfers, withdrawals, wires, deposits, checks, and/or debits in an amount of at least $615,516.15 from Plaintiff's bank account to accounts belonging to or affiliated with Josef Lefkowitz, Moshe Silber, 118 150 Ridy LLC, Brandon Luban, Leibel Weinstuck, Abraham Breuer, and JNL Properties LLC, and/or others.

RESPONSE:

23. Admit that Plaintiff was declassified by the State of Arizona as a nonprofit and reclassified as for-profit because of your actions, including, but not limited to, using Plaintiff's accounts for business endeavors.

RESPONSE:

24. Admit that you called donors who donated to Plaintiff and asked them to return donations.

RESPONSE:

25. Admit that you falsely told Plaintiff's donors that Plaintiff and/or the Mikvah was ceasing operations.

RESPONSE:

26. Admit that Beis Din has issued a psak din ("decision") holding you accountable for at least some of the allegations set forth in the Complaint.

RESPONSE:

27. Admit that you have refused to adhere to Accountant Shloimie Rieger's requests for books and records.

RESPONSE:


Dated: Pomona, New York                              Respectfully submitted,
        _____April 30, 2025

                                                     /s/        Elchanan "Elliott" Engel
                                                     Elchanan ("Elliott") Engel (5734181)
                                                     Moshe Yonah ("Yoni") Gugenheim
                                                     **BERMAN, BOYLE & ENGEL LLC**
                                                     978 Route 45, Suite 107
                                                     Pomona, New York 10970
                                                     667-217-5150
                                                     ee@bbelaw.com

                                                     *Attorney for Plaintiff*
                                                     Cong. Casa Grande